**Opinion issued April 8, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00382-CR

———————————

**RONALD LEE LAYMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 68809**

## MEMORANDUM OPINION

Appellant, Ronald Lee Layman, pleaded guilty to the felony offense of driving while intoxicated—third or more.[1] The trial court found Layman guilty and, in accordance with the terms of his plea bargain agreement with the State,

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2011).

sentenced him to four years of community supervision and assessed a $500 fine. Acting *pro se*, Layman filed a notice of appeal. The State has filed a motion to dismiss this appeal for want of jurisdiction. We grant the State's motion and dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant did not appeal any pre-trial matters, and the trial court did not give permission for appellant to appeal. The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).